Huey Peeves **WALTERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–88–255 CR.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1989.

---

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Beaumont, for State.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of aggravated sexual assault and assessed his punishment at sixty years in the Texas Department of Corrections. He now urges four points of error.

Point of error number one alleges the indictment is fundamentally defective. Point of error number two alleges appellant was convicted of an offense not alleged in the indictment. Since these two points are interrelated, we will consider them together. The indictment returned against appellant contained two counts. The State abandoned the second count and proceeded to trial on the first, which stated in pertinent part:

"HUEY PEEVES WALTERS ... did then and there sexually assault F___ M___ G___, a person not the spouse of the Defendant ... by intentionally and knowingly causing the penetration of the vagina of the Complainant by inserting his penis, without the consent of the Complainant, and the Defendant compelled the Complainant to submit to such sexual assault by the use of physical force and violence and by threatening Complainant with the use of force and violence against Complainant; and, by acts and words the Defendant placed the Complainant in fear that death and serious bodily would be imminently inflicted on the Complainant...."

The court then gave the following definition in its charge:

"AGGRAVATED SEXUAL ASSAULT:

"A person commits an offense if the person commits sexual assault and:

"(1) by acts or words the person places the victim in fear that death will be imminently inflicted on any person, or

"(2) by acts or words occurring in the presence of the victim, the person threatens to cause death of any person."

This was followed by the application paragraph:

"Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County Texas, on or about July 24, 1985, the defendant HUEY PEEVES WALTERS, did then and there sexually assault F___ M___ G___, a person not the spouse of the Defendant and hereafter styled the Complainant, by intentionally or knowingly causing the penetration of the vagina of the Complainant by inserting his penis, without the consent of the Complainant, and the Defendant compelled the Complainant to submit to such sexual assault by the use of physical force and violence and by threatening Complainant with the use of force and violence against Complainant; and, by acts and words the Defendant placed the Complainant in fear that death would be imminently inflicted on the Complainant, you shall find the defendant guilty of the offense of aggravated sexual assault."

Appellant argues that when the word "injury" was not present in the concluding phrase "death and serious bodily [sic] would be imminently inflicted," this did not allege the offense of aggravated sexual assault, but only sexual assault. We disagree. *TEX.PENAL CODE ANN. sec. 22.-021(a)(2)(A)(ii)* (Vernon 1989) provides that a sexual assault becomes aggravated if the actor places the victim in fear that death, serious bodily injury or kidnapping will be imminently inflicted upon anyone. These are three separate ways or means by which a sexual assault becomes aggravated. The indictment clearly alleges one of those

ways. Furthermore, the court only submitted the means alleged in the indictment. If there are different ways to commit an offense, they may be charged in the conjunctive in one count, and a conviction may be had on the proof of any one of the allegations. *Vasquez v. State*, 665 S.W.2d 484 (Tex.Crim.App.1984); *Bivins v. State*, 706 S.W.2d 165 (Tex.App.—Beaumont 1986, pet. ref'd). We find no error and overrule both points.

■ The next point of error complains the trial court erred in failing to grant a mistrial based upon the nonresponsive outbursts by the victim. Appellant points to the following:

"Q What happened next?

"A (Pause) He told me to sit on the back of the car. I was crying and screaming. And he says, you are the most goddam stubborn bitch I have ever seen.

"Mr. Walters, I guess I am or I wouldn't be here today. (Witness sobbing)

"[DEFENSE COUNSEL]: Your Honor, I am going to object as non-responsive questioning and request that be stricken from the record and the jury be instructed to disregard the nonresponsive comment.

"THE COURT: Sustain the objection.

"The jury will disregard the last comment by this witness.

"[DEFENSE COUNSEL]: Move for a mistrial at this time based upon her outburst, your Honor.

"THE COURT: Mistrial denied.

"Keep her on track."

The general rule is that a proper instruction can cure an improper response except in extreme cases. *Barney v. State*, 698 S.W.2d 114, 125 (Tex.Crim.App.1985). In determining whether a jury instruction is sufficient to cure error, the facts of each particular case must be noted. *Gonzales v. State*, 685 S.W.2d 47 (Tex.Crim.App.1985), *cert. denied*, 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985). The victim's identification of appellant was direct and unshaken. Her comment, directed to appellant,

did not interject any new or harmful fact before the jury. The court's instruction was sufficient to cure any error. This point is overruled.

■ The final point of error alleges error because "the prosecutor interjected her personal opinion concerning a probated sentence for appellant." This is the complained of argument:

[PROSECUTOR]

"I submit to you that there is no way, there is no conceivable possibility that this is a probation case. What probation basically does—and I am familiar with the terms of probation in the Code of Criminal Procedure, as is [Defense Counsel], and you will become familiar with those—but basically what probation does in a case is put a defendant back on the street. If Huey Walters gets probation he will be back on the street this afternoon. We are talking about a man who has absolutely—

"[DEFENSE COUNSEL]: That is not correct, your Honor. It is a misstatement of the law under the circumstances.

"THE COURT: Sustain the objection.

"Rephrase it.

" . . .

"Now I want you to look at those conditions of probation. They are basically saying that a defendant needs to keep a job, a defendant has a reasonable curfew, a defendant does not commit other offenses against the State, a defendant is going to support his or her family. Those are things that Huey Walters should have been doing all his life. Those are things that you do and those are things that I do and those are things that the average good citizen walking out on the streets of Beaumont does on a daily basis. Huey Walters has already proved to you that probably the most important condition in there of not committing other offenses, he can't uphold that. He can't do that. He raped F—— G——. Basically that type of punishment sets a person free. It just simply lets him go, it is a slap on the wrist.

"[DEFENSE COUNSEL]: Object to her stating her personal opinion, your Honor, as to the granting of probation.

"THE COURT: Sustain the objection to any personal opinions.

"[DEFENSE COUNSEL]: And we request that the jury be instructed to disregard her comments.

"THE COURT: Jury will disregard any personal opinions by the prosecutor.

"[DEFENSE COUNSEL]: Motion for a mistrial, your Honor.

"THE COURT: Mistrial denied."

The often cited case of *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App.1973), states:

"To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence ... (2) reasonable deduction from the evidence ... (3) answer to argument of opposing counsel ... and (4) plea for law enforcement...." (citations omitted).

Answer to argument of opposing counsel is an acceptable area of jury argument. Just prior to the prosecutor's argument, we find this argument by defense counsel:

"As the Court has also informed you, Mr. Walters is eligible for probation. What is probation? A lot of times I think that juries do not fully understand. Let me try to explain to you what I perceive probation to be and what I believe the Court has instructed you that it is. Probation is a situation where a person is in fact sentenced to the State prison, but that person does not go to the State prison at that particular point in time. The carrying out of that sentence is probated or postponed, sometimes the word is suspended, depending upon the conduct of the individual, in that case, Mr. Walters, that is placed on probation. Now the Court has given you in its written charge some of the terms and conditions of probation. I have also introduced into evidence Defendant's Exhibit B, which contains much more detailed information about what probation is and what it is not. I would encourage you and I would request that each one of

you, please look at those terms and conditions. If you think those terms and conditions are something that are easy to comply with, then you ask yourself would any of you like to live under all of those 20 different conditions and terms set forth on that particular document.

"The Court also has instructed you that the Court may impose, but is not limited to the following conditions, and lists those. And that is why at the bottom of that page there are some blanks for additional terms that the Court imposes as it sees fit or is justified in any case. Examples that I would give to you are such things as therapy, counselling, community service, and in fact in the Court's charge in the instructions that you have been given, it says in there that if the Court so decides it can order the defendant in a criminal case to pay a percentage of his income to the victim of the offense. Condition K also states that the Court can order that the person remain under custodial supervision in a community based facility, obey all rules and regulations of such facility and pay a percentage of his income to the facility for room and board.

"I have taken the time to discuss this with you because since there is such a wide disparity or range in this case of punishment, anywhere from probation to prison time on up, I want you to be sure that you understand what probation is and what it is not. And once again, you can take that order into the room and you can read it and you can look at it in conjunction with what the Court has already instructed you."

We hold the prosecutor's argument to be proper as an answer to opposing counsel or as a proper plea for law enforcement. The prosecutor did not interject any new facts into the case, e.g., *Alejandro, supra*, she simply pointed out her impression of probation and suggested it was not a proper punishment for the crime. In any event, the court sustained the objection and properly instructed the jury. This was sufficient to cure any error. *DeBolt v. State*, 604 S.W.2d 164, 169–170 (Tex.Crim.App.

1980). This point of error is overruled and the judgment affirmed.

AFFIRMED.