NO. 07-04-0450-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 16, 2006



______________________________




TERRY R. TENNISON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2003-485,276; HONORABLE LARRY B. "RUSTY" LADD, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Terry R. Tennison was convicted by a jury
of indecent exposure and sentenced to 180 days confinement, suspended in favor of two
years of community supervision, and a $2,000 fine. Appellant contends the trial court erred
by (1) allowing a State witness to testify to the truthfulness of the victim, (2) permitting the
State to elicit character evidence from truth and veracity witnesses, (3) allowing the State
to present evidence of various extraneous acts, (4) excluding evidence that the victim
called the police numerous times, and (5) excluding evidence concerning a prior divorce. 
We affirm.

 Appellant was indicted for exposing his genitals to an employee of a Lubbock
smoke shop. The victim, Elaine Smallridge, testified appellant pulled up to the drive-through window and ordered cigarettes. As she leaned out the window to collect his
money, she observed appellant pull his shorts across himself with his right hand and
expose his penis and testicles. Smallridge testified that she completed the transaction but
was "offended" and "shocked." As appellant drove away, she wrote down the license plate
number of the black Honda he was driving. Shortly thereafter, Smallridge reported the
incident to police. A check on the license plate revealed the Honda was registered to a
local car dealership who had loaned the vehicle to appellant. When presented with a photo
lineup, Smallridge positively identified appellant as the man who exposed himself to her. 
He was subsequently arrested and charged with the offense.

 At trial, appellant testified he did visit the smoke shop on the day in question, but it
was not until several hours after Smallridge reported the incident to police. His testimony
was supported by the testimony of his wife and another couple, both of whom testified that
he was attending a home show at the time of the reported exposure. He also admitted he
was driving a black Honda and purchased cigarettes from Smallridge but denied he
exposed himself to her. Instead, appellant insisted that she must have been mistaken and
explained that what she probably saw was the toilet flapper ball he was carrying in his
shorts pocket. (1) Appellant also called several witnesses, including his wife, who testified to
his reputation for truthfulness. Following his conviction, appellant filed a motion for new
trial, which was denied.

 Appellant does not present any issues challenging the sufficiency of the evidence;
however, by eleven issues, appellant challenges the trial court's determinations regarding
whether to admit or exclude various evidence. Whether evidence should be admitted is
within the sound discretion of the trial judge. Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Cr.App.1990). Therefore, the standard of review for admission or exclusion of
evidence is abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App.
1993). A trial judge does not abuse his discretion unless he has "acted arbitrarily and
unreasonably, without reference to any guiding rules and principles." Breeding v. State,
809 S.W.2d 661, 663 (Tex.App.-Amarillo 1991, pet. ref'd). As long as the trial court's ruling
remains within the "zone of reasonable disagreement," there is no abuse of discretion and
the trial court's ruling will be upheld. See Rachal v. State, 917 S.W.2d 799, 807
(Tex.Cr.App.1996).

 Addressing his issues in a logical order, we commence our analysis with appellant's
second issue. By this issue, appellant contends the trial court erred in permitting the State
to elicit general character evidence from witnesses called to testify to his reputation for
truthfulness. One of the witnesses, Val Meixner, was cross-examined regarding her
knowledge of several specific acts alleged to have been committed by appellant. Appellant
claims this evidence was not permitted by Rule 405 of the Rules of Evidence. We
disagree.

 Under Rule 405, when a witness testifies to a defendant's reputation for a particular
character trait, she may be cross-examined in the form of "have you heard" questions
regarding specific instances of conduct inconsistent with that reputation. Tex. R. Evid.
405(a); Wilson v. State, 71 S.W.3d 346, 350 (Tex.Cr.App. 2002). However, the scope of
cross-examination must be limited to the relevant character trait at issue. Wilson, 71
S.W.3d at 351. Here, the witness testified that appellant's reputation for truthfulness was
"excellent" and that she had never witnessed "anything inappropriate about [appellant]." 
Therefore, under Rule 405, it was proper for the State to counter this testimony by inquiring
whether she was familiar with any specific instances of untruthful or inappropriate conduct
by appellant. (2) Appellant's second issue is overruled. 

 By his third, fourth, and fifth issues, appellant contends the evidence that he walked
around nude in front of his stepdaughters, masturbated in the presence of his daughter and
stepdaughter, and inappropriately touched his stepdaughter should not have been admitted
under Rule 404(b) of the Rules of Evidence. We disagree. Under appellant's second
issue, we determined that these specific instances of conduct were properly admitted under
Rule 405. Therefore, any error in admitting this evidence under Rule 404(b) would be
harmless in light of other properly admitted evidence establishing the same facts. See
Brooks v. State, 990 S.W.2d 278, 287 (Tex.Cr.App. 1999). Appellant's third, fourth, and
fifth issues are overruled.

 By his sixth issue, appellant claims the evidence regarding his stepdaughters should
not have been admitted because the danger of unfair prejudice substantially outweighed
its probative value. See Tex. R. Evid. 403. The State maintains that the evidence was
probative to show appellant's intent and motive to sexually gratify himself in the presence
of others and to rebut his defensive theory of mistake. We agree and hold the trial court
did not abuse its discretion in this regard. Furthermore, considering the totality of the
State's evidence against appellant, this evidence alone would not be so prejudicial as to
constitute reversible error. See Tex. R. App. P. 44.2. Appellant's sixth issue is overruled. 
 

 By issues seven, eight, and nine, appellant contends the trial court erred in excluding
evidence that the victim called the police on several occasions following the report of
exposure. Appellant claims the trial court's ruling was erroneous under Rules 401, 403,
and 404(b) of the Rules of Evidence and it violated the Confrontation Clause embodied in
the Sixth Amendment to the United States Constitution. We disagree.

 During his cross-examination of Smallridge, appellant attempted to elicit testimony
that she made multiple calls to the police involving various disturbances at her residence. 
The State objected to relevance, and the court considered the admissibility of the testimony
outside the presence of the jury. When questioned as to why the testimony was relevant,
appellant replied, "I want to show that she calls the police a lot." The court sustained the
objection and appellant made a bill of exception.

 Rule 608 governs the admission of evidence of the conduct of a witness to impeach
the witness's credibility. Tex. R. Evid. 608. Rule 608(b) provides that specific instances
of conduct, other than conviction of a crime, when offered to attack the witness's credibility
may not be inquired into on cross-examination. Id. at (b). Furthermore, with respect to the
Confrontation Clause, the Court of Criminal Appeals has held "[t]he trial court maintains
broad discretion to impose reasonable limits on cross-examination to avoid harassment,
prejudice, confusion of the issues, endangering the witness, and the injection of cumulative
and collateral evidence." Lopez v. State, 18 S.W.3d 220, 222 (Tex.Cr.App. 2000). 
Accordingly, we find the trial court's ruling was within the zone of reasonable disagreement. 
Appellant's seventh, eighth, and ninth issues are overruled.

 By issue ten, appellant contends the trial court erred in excluding evidence
concerning his divorce from his ex-wife. Appellant attempted to call his sister to the stand
to testify to his family background and the circumstances of his divorce. The State objected
that such testimony was irrelevant during the guilt/innocence phase and the court sustained
the objection. Later, appellant twice attempted to introduce evidence of a letter from his
ex-wife in which she accepted responsibility for the divorce. The State objected to
relevancy both times and the court sustained. Appellant claims this evidence should have
been admitted to show his stepdaughter's motive and bias to testify against him. We
disagree and hold that the trial court did not abuse its discretion in ruling that evidence of
the circumstances surrounding his divorce was not relevant to the charged offense. 
Appellant's tenth issue is overruled.

 By his first issue, appellant contends the trial court erred in allowing the State's
detective to testify that he could determine, based on his years of training and experience
as a detective, whether Smallridge was telling him the truth in her statement to him. We
disagree.

 During the State's examination of Detective Proctor, appellant objected to a question
by the State as to whether the detective had ever "felt" that victims of crimes "were not
being honest with [him]." However, the trial court overruled appellant's objection as
premature. In the next sequence of questions in this context, the State asked the detective
the following:

 Explain how you come about this knowledge, Detective. What does your job
description tell you that you do with victims of crimes?


No objection being made, the detective answered:

 Body language, story consistency, emotion, the way they tell their story, the
passion they have behind it. They-with Ms. Smallridge, she was very
emotional about what she spoke of. She spoke as if there was passion
behind her feelings, which is a good indicator that what she is saying is
truthful. She carried herself as one that was truthful.

 

 Here, it is clear the question did not make any inquiry concerning the State's witness
Smallridge, and the last part of his testimony is not responsive to the question asked by the
prosecutor. Notwithstanding the fact that the officer's testimony went beyond the question,
appellant did not seek to cure by moving to strike that portion of the testimony which was
not responsive to the question or request that the jury be instructed not to consider the
nonresponsive portion of the answer. See Walters v. State, 777 S.W.2d 734, 736
(Tex.App.-Beaumont 1989, pet. ref'd). 

 In addition, the State contends appellant's contention is not preserved for our review. 
Indeed, according to Rule 103, error may not be predicated upon a ruling which admits or
excludes evidence in the absence of an objection. Tex. R. Evid. 103. Further, as a
prerequisite for review, a defendant must make a timely request, objection, or motion
stating the grounds with sufficient specificity to apprise the trial court of the complaint and
obtain an adverse ruling. Tex. R. App. P. 33.1(a). See also Martinez v. State, 91 S.W.3d
331, 337 (Tex.Cr.App. 2002) (discussing application of the "raise-it-or-waive-it" forfeiture
rule). Also, the objection at trial must comport with the complaint on appeal. Trevino v.
State, 991 S.W.2d 849 (Tex.Cr.App. 1999). No objection having been made, appellant's
first issue is overruled because it presents nothing for review.

 With respect to appellant's eleventh issue, assuming arguendo that any of
appellant's issues present error, a harm analysis must be conducted pursuant to Rule
44.2(b). Tex. R. App. P. 44.2(b). The rule requires us to disregard an error that is not
constitutional error unless it affects a "substantial right" of appellant. Tex. R. App. P.
44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). A substantial right is not
affected by the erroneous admission of evidence "if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the jury, or had but
a slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998). 

 Although appellant, his wife, and another couple testified he was at a home show
at the time the State's evidence placed him at the smoke shop, he was unable to explain
how the victim obtained the license number of the black Honda he was driving and provided
it to the police. Considering this uncontradicted evidence, we conclude any error regarding
the evidence complained of by appellant would not alone have influenced the jury so as to
affect a substantial right of appellant. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.


 

 

 

 

 

 
1. Although the flapper ball was in his pocket, appellant explained he had a tear in his
shorts from doing yard work and the flapper ball must have fallen out. 
2. We disagree with appellant's contention that Meixner's testimony did not allude that
appellant was not the type of person to commit the charged offense. See Wheeler v. State,
67 S.W.3d 879, 885 (Tex.Cr.App. 2002).