NO. 07-04-0450-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 16, 2006

_____


TERRY R. TENNISON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2003-485,276; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Terry R. Tennison was convicted by a jury of indecent exposure and sentenced to 180 days confinement, suspended in favor of two years of community supervision, and a $2,000 fine. Appellant contends the trial court erred by (1) allowing a State witness to testify to the truthfulness of the victim, (2) permitting the

State to elicit character evidence from truth and veracity witnesses, (3) allowing the State to present evidence of various extraneous acts, (4) excluding evidence that the victim called the police numerous times, and (5) excluding evidence concerning a prior divorce. We affirm.

Appellant was indicted for exposing his genitals to an employee of a Lubbock smoke shop. The victim, Elaine Smallridge, testified appellant pulled up to the drive-through window and ordered cigarettes. As she leaned out the window to collect his money, she observed appellant pull his shorts across himself with his right hand and expose his penis and testicles. Smallridge testified that she completed the transaction but was "offended" and "shocked." As appellant drove away, she wrote down the license plate number of the black Honda he was driving. Shortly thereafter, Smallridge reported the incident to police. A check on the license plate revealed the Honda was registered to a local car dealership who had loaned the vehicle to appellant. When presented with a photo lineup, Smallridge positively identified appellant as the man who exposed himself to her. He was subsequently arrested and charged with the offense.

At trial, appellant testified he did visit the smoke shop on the day in question, but it was not until several hours after Smallridge reported the incident to police. His testimony was supported by the testimony of his wife and another couple, both of whom testified that he was attending a home show at the time of the reported exposure. He also admitted he was driving a black Honda and purchased cigarettes from Smallridge but denied he exposed himself to her. Instead, appellant insisted that she must have been mistaken and explained that what she probably saw was the toilet flapper ball he was carrying in his

2

shorts pocket.[1]  Appellant also called several witnesses, including his wife, who testified to his reputation for truthfulness.  Following his conviction, appellant filed a motion for new trial, which was denied.

Appellant does not present any issues challenging the sufficiency of the evidence; however, by eleven issues, appellant challenges the trial court's determinations regarding whether to admit or exclude various evidence.  Whether evidence should be admitted is within the sound discretion of the trial judge.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1990).  Therefore, the standard of review for admission or exclusion of evidence is abuse of discretion.  Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App. 1993).  A trial judge does not abuse his discretion unless he has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles."  Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. ref'd).  As long as the trial court's ruling remains within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld.  See Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996).

Addressing his issues in a logical order, we commence our analysis with appellant's second issue.  By this issue, appellant contends the trial court erred in permitting the State to elicit general character evidence from witnesses called to testify to his reputation for truthfulness.  One of the witnesses, Val Meixner, was cross-examined regarding her knowledge of several specific acts alleged to have been committed by appellant.  Appellant

_____

[1]Although the flapper ball was in his pocket, appellant explained he had a tear in his shorts from doing yard work and the flapper ball must have fallen out.

claims this evidence was not permitted by Rule 405 of the Rules of Evidence. We disagree.

Under Rule 405, when a witness testifies to a defendant's reputation for a particular character trait, she may be cross-examined in the form of "have you heard" questions regarding specific instances of conduct inconsistent with that reputation. Tex. R. Evid. 405(a); Wilson v. State, 71 S.W.3d 346, 350 (Tex.Cr.App. 2002). However, the scope of cross-examination must be limited to the relevant character trait at issue. *Wilson*, 71 S.W.3d at 351. Here, the witness testified that appellant's reputation for truthfulness was "excellent" and that she had never witnessed "anything inappropriate about [appellant]." Therefore, under Rule 405, it was proper for the State to counter this testimony by inquiring whether she was familiar with any specific instances of untruthful or inappropriate conduct by appellant.[2] Appellant's second issue is overruled.

By his third, fourth, and fifth issues, appellant contends the evidence that he walked around nude in front of his stepdaughters, masturbated in the presence of his daughter and stepdaughter, and inappropriately touched his stepdaughter should not have been admitted under Rule 404(b) of the Rules of Evidence. We disagree. Under appellant's second issue, we determined that these specific instances of conduct were properly admitted under Rule 405. Therefore, any error in admitting this evidence under Rule 404(b) would be harmless in light of other properly admitted evidence establishing the same facts. *See*

---

[2]We disagree with appellant's contention that Meixner's testimony did not allude that appellant was not the type of person to commit the charged offense. *See* Wheeler v. State, 67 S.W.3d 879, 885 (Tex.Cr.App. 2002).

Brooks v. State, 990 S.W.2d 278, 287 (Tex.Cr.App. 1999). Appellant's third, fourth, and fifth issues are overruled.

By his sixth issue, appellant claims the evidence regarding his stepdaughters should not have been admitted because the danger of unfair prejudice substantially outweighed its probative value. *See* Tex. R. Evid. 403. The State maintains that the evidence was probative to show appellant's intent and motive to sexually gratify himself in the presence of others and to rebut his defensive theory of mistake. We agree and hold the trial court did not abuse its discretion in this regard. Furthermore, considering the totality of the State's evidence against appellant, this evidence alone would not be so prejudicial as to constitute reversible error. *See* Tex. R. App. P. 44.2. Appellant's sixth issue is overruled.

By issues seven, eight, and nine, appellant contends the trial court erred in excluding evidence that the victim called the police on several occasions following the report of exposure. Appellant claims the trial court's ruling was erroneous under Rules 401, 403, and 404(b) of the Rules of Evidence and it violated the Confrontation Clause embodied in the Sixth Amendment to the United States Constitution. We disagree.

During his cross-examination of Smallridge, appellant attempted to elicit testimony that she made multiple calls to the police involving various disturbances at her residence. The State objected to relevance, and the court considered the admissibility of the testimony outside the presence of the jury. When questioned as to why the testimony was relevant,

5

appellant replied, "I want to show that she calls the police a lot." The court sustained the objection and appellant made a bill of exception.

Rule 608 governs the admission of evidence of the conduct of a witness to impeach the witness's credibility. Tex. R. Evid. 608. Rule 608(b) provides that specific instances of conduct, other than conviction of a crime, when offered to attack the witness's credibility may not be inquired into on cross-examination. *Id.* at (b). Furthermore, with respect to the Confrontation Clause, the Court of Criminal Appeals has held "[t]he trial court maintains broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative and collateral evidence." Lopez v. State, 18 S.W.3d 220, 222 (Tex.Cr.App. 2000). Accordingly, we find the trial court's ruling was within the zone of reasonable disagreement. Appellant's seventh, eighth, and ninth issues are overruled.

By issue ten, appellant contends the trial court erred in excluding evidence concerning his divorce from his ex-wife. Appellant attempted to call his sister to the stand to testify to his family background and the circumstances of his divorce. The State objected that such testimony was irrelevant during the guilt/innocence phase and the court sustained the objection. Later, appellant twice attempted to introduce evidence of a letter from his ex-wife in which she accepted responsibility for the divorce. The State objected to relevancy both times and the court sustained. Appellant claims this evidence should have been admitted to show his stepdaughter's motive and bias to testify against him. We disagree and hold that the trial court did not abuse its discretion in ruling that evidence of

6

the circumstances surrounding his divorce was not relevant to the charged offense. Appellant's tenth issue is overruled.

By his first issue, appellant contends the trial court erred in allowing the State's detective to testify that he could determine, based on his years of training and experience as a detective, whether Smallridge was telling him the truth in her statement to him. We disagree.

During the State's examination of Detective Proctor, appellant objected to a question by the State as to whether the detective had ever "felt" that victims of crimes "were not being honest with [him]." However, the trial court overruled appellant's objection as premature. In the next sequence of questions in this context, the State asked the detective the following:

> Explain how you come about this knowledge, Detective. What does your job description tell you that you do with victims of crimes?

No objection being made, the detective answered:

> Body language, story consistency, emotion, the way they tell their story, the passion they have behind it. They–with Ms. Smallridge, she was very emotional about what she spoke of. She spoke as if there was passion behind her feelings, which is a good indicator that what she is saying is truthful. She carried herself as one that was truthful.

Here, it is clear the question did not make any inquiry concerning the State's witness Smallridge, and the last part of his testimony is not responsive to the question asked by the prosecutor. Notwithstanding the fact that the officer's testimony went beyond the question,

appellant did not seek to cure by moving to strike that portion of the testimony which was not responsive to the question or request that the jury be instructed not to consider the nonresponsive portion of the answer. *See* Walters v. State, 777 S.W.2d 734, 736 (Tex.App.–Beaumont 1989, pet. ref'd).

In addition, the State contends appellant's contention is not preserved for our review. Indeed, according to Rule 103, error may not be predicated upon a ruling which admits or excludes evidence in the absence of an objection. Tex. R. Evid. 103. Further, as a prerequisite for review, a defendant must make a timely request, objection, or motion stating the grounds with sufficient specificity to apprise the trial court of the complaint and obtain an adverse ruling. Tex. R. App. P. 33.1(a). *See also* Martinez v. State, 91 S.W.3d 331, 337 (Tex.Cr.App. 2002) (discussing application of the "raise-it-or-waive-it" forfeiture rule). Also, the objection at trial must comport with the complaint on appeal. Trevino v. State, 991 S.W.2d 849 (Tex.Cr.App. 1999). No objection having been made, appellant's first issue is overruled because it presents nothing for review.

With respect to appellant's eleventh issue, assuming *arguendo* that any of appellant's issues present error, a harm analysis must be conducted pursuant to Rule 44.2(b). Tex. R. App. P. 44.2(b). The rule requires us to disregard an error that is not constitutional error unless it affects a "substantial right" of appellant. Tex. R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). A substantial right is not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998).

Although appellant, his wife, and another couple testified he was at a home show at the time the State's evidence placed him at the smoke shop, he was unable to explain how the victim obtained the license number of the black Honda he was driving and provided it to the police. Considering this uncontradicted evidence, we conclude any error regarding the evidence complained of by appellant would not alone have influenced the jury so as to affect a substantial right of appellant.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.