**Pamela Denise BLEDSOE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–95–00184–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 24, 1996.

Lawrence L. Barber, Jr., Odessa, for appellant.

John W. Smith, District Attorney, Odessa, for state.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

Pamela Denise Bledsoe appeals her conviction of delivery of less than 28 grams of cocaine, enhanced by a prior felony conviction. Upon the jury's finding of guilt, Appellant entered a plea of true to the enhancement paragraph. The jury found the enhancement paragraph true and assessed punishment at imprisonment in the Texas Department of Criminal Justice, Institutional Division, for a term of twenty-three years. Appellant challenges her conviction by four points of error. We reverse and remand for a new trial.

## ABSENCE OF APPELLANT DURING VOIR DIRE AND JURY SELECTION

In Point of Error No. Two, Appellant alleges that the trial court erred in conducting voir dire and jury selection in her absence. Admitting that Appellant did not attend trial until after the jury was sworn, the State concedes that conducting voir dire in her absence was error. It argues, however, that the error is harmless. We agree that Article 33.03 error was committed, but we are unable to conclude that it is harmless.

■ Under Article 33.03 of the Code of Criminal Procedure, a defendant must be present during all voir dire proceedings.[1] *Lawton v. State,* 913 S.W.2d 542, 549 (Tex. Crim.App.1995); *Adanandus v. State,* 866 S.W.2d 210, 217 (Tex.Crim.App.1993), *cert.*

denied, 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994). Here, Article 33.03 was violated where Appellant was not present during the entirety of voir dire and jury selection and did not attend trial until she entered her plea to the indictment.[2] In determining whether Article 33.03 error is harmless, we apply both TEX.R.APP.P. 81(b)(2) and the pre-Rule 81(b)(2) harm test set forth in *Cooper v. State,* 631 S.W.2d 508, 512 (Tex.Crim.App.1982) and *Mares v. State,* 571 S.W.2d 303, 307 (Tex.Crim.App.1978). Under this second standard, where the presence of the defendant does not bear "a reasonably substantial relationship to the opportunity to defend," no harm is shown by her absence. *See Adanandus,* 866 S.W.2d at 219 (harm standard to be applied to Article 28.01 error in holding a pre-trial chambers meeting in the defendant's absence is both Rule 81(b)(2) and the "reasonably substantial relationship" test as set forth in *Cooper* and *Mares* ).

■ The focus of the "reasonably substantial relationship" test differs from that of Rule 81(b)(2) in that the former seeks to determine the effect of the defendant's absence on the advancement of her defense, while Rule 81(b)(2) seeks to determine the effect of the defendant's absence on the outcome of the guilt/innocence or punishment proceedings. *Adanandus,* 866 S.W.2d at 219–20. In applying this test, courts often consider whether the defendant's assistance was needed during the particular proceeding in order to further her defense. *See Lawton,* 913 S.W.2d at 549–50 n. 4 (any error under Articles 28.01 or 33.03 was harmless where

1. In all prosecutions for felonies, the defendant must be personally present at the trial, and [she] must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents [herself] after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that [she] was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new

trial in any misdemeanor case. TEX.CODE CRIM. PROC.ANN. art. 33.03 (Vernon 1989).

2. The State asserts throughout its brief that Appellant's absence during voir dire and jury selection was voluntary. Under Article 33.03, it is irrelevant whether Appellant's absence was voluntary or due to some reason beyond her control since her absence occurred prior to the jury being selected. *See* TEX.CODE CRIM.PROC.ANN. art. 33.03 (Vernon 1989). Nevertheless, in the interest of accuracy, we note that the record does not reflect the reason for Appellant's absence during this portion of the trial. In the face of a silent record, we will not assume that her absence was voluntary.

the defendant's assistance during an *in camera* meeting was not needed in order to further his defense); *Adanandus*, 866 S.W.2d at 220 (Article 28.01 error was harmless where defendant's assistance was not needed in order to further his defense on the issues discussed during a pretrial chambers meeting and defendant's attorney made no decision regarding jury shuffle or the use of strikes and no other matters of substance were discussed at the meeting).

The State argues that Appellant did not show *actual* harm caused by her absence during voir dire and jury selection because she did not raise this issue in a motion for new trial. We do not agree that the "reasonably substantial relationship" requires a showing of actual harm particularly since the test is stated in terms of the *opportunity* to defend. Moreover, it would be nearly impossible for a defendant to demonstrate actual harm arising from her absence during voir dire and jury selection without engaging in a reenactment of the entire proceeding. Consequently, we will not limit our harm analysis under the "reasonably substantial relationship" test by requiring Appellant to show actual harm.

We find that Appellant's presence during voir dire and jury selection bears a reasonably substantial relationship to the opportunity to defend for several reasons. First, voir dire is the only opportunity for the venire to view Appellant for the purpose of discovering whether any of them were acquainted with her. Here, the venire was simply given Appellant's name without any further description and asked whether any of them knew her. While one of the veniremembers recognized her by name, there may have been others who would recognize her only upon sight. Examining the flip side of this coin, voir dire also presents an opportunity for Appellant to view the venire face-to-face to determine whether she knew any of the veniremembers and whether any of them possessed a bias either for or against her. While counsel can expose some biases by asking pertinent questions, others may not be exposed without Appellant's assistance in observing the panel. For example, one of the veniremembers indicated during the prosecutor's voir dire that she knew Appellant. She stated that she was not friends with Appellant, but simply "knew of" her from high school, and that there was nothing about the relationship that would cause her to be biased either for or against Appellant. Here, counsel was required to decide whether or not to further question the potential juror about this relationship and whether to exercise a peremptory challenge without any input from Appellant regarding the prior relationship. Third, a defendant may assist counsel during voir dire by watching the reactions of the veniremembers to counsel for both parties. When an attorney is engaged in questioning one member of the panel, (s)he may be unable to observe or measure the reactions of other members. Due to her absence, Appellant was unable to provide this assistance to her counsel. Finally, Appellant's absence deprived her of the opportunity to not only observe voir dire, but to actually participate in any aspect of jury selection.

Having concluded that Appellant's presence during voir dire and jury selection bears a reasonably substantial relationship to the opportunity to defend, we cannot conclude beyond a reasonable doubt that her exclusion from this process did not contribute to her conviction or punishment. Tex.R.App.P. 81(b)(2). Point of Error No. Two is sustained.[3] Appellant's conviction is reversed and this cause is remanded for a new trial.

---

**3.** Given our resolution of this point of error, it is unnecessary to address the remaining contentions.