In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00127-CR


______________________________




EVELYN ANN WAXLER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 12,333




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Evelyn Ann Waxler, appellant, has filed with this Court a motion to dismiss her appeal. The
motion is signed by Waxler and by her counsel in compliance with Tex. R. App. P. 42.2(a). As
authorized by Rule 42.2, we grant the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 22, 2007

Date Decided: January 23, 2007


Do Not Publish



e trial court committed reversible error by conducting the morning
voir dire session outside of his presence, allowing the State to learn information from prospective
jurors who later appeared as part of Polston's afternoon panel. Polston acknowledges that his
attorney was present during the morning voir dire of the unrelated case; but Polston contends he was
not himself also present and, therefore, error exists requiring reversal of his conviction and remand
for a new trial. 

 Our law requires that a defendant must be present for all portions of a trial in which the
accused is charged with a felony, except in cases where the defendant voluntarily absents himself
or herself either after pleading to the charge or after the jury has been selected. Tex. Code Crim.
Proc. Ann. art. 33.03 (Vernon 2006). When the record affirmatively shows the accused was present
for any portion of the trial, however, the reviewing court must presume, absent evidence to the
contrary, that the accused was also present during the entire trial. Id.

 In Bledsoe v. State, 936 S.W.2d 350, 351-52 (Tex. App.--El Paso 1996, no pet.), the accused
contended on appeal that the trial court had erred when it had conducted voir dire in her case outside
her presence. Id. at 351. The State conceded Bledsoe's absence during voir dire in that case. Id. 
That appellate court concluded error had been shown and, after reviewing the record for harm,
concluded the record demonstrated harm sufficient that the reviewing court could not conclude
beyond a reasonable doubt that the error did not contribute to her conviction or punishment. Id. at
352 (citing former appellate procedure Rule 81(b)(2), now Rule 44.2(a) of the Texas Rules of
Appellate Procedure).

 In this case, all Polston missed during the morning court session was the voir dire of a
different case. But missing part of voir dire during another person's trial does not constitute missing
a portion of one's own trial. Merely because the State may have learned information that it later used
in selecting jurors in Polston's case does not thereby transform any part of that other trial into a part
of Polston's trial. (1)

 Polston's absence during the voir dire of another case did not deny him his right to be present
during his own trial. Polston's presence during the voir dire of another case does not bear a
reasonable and substantial relationship to the opportunity to defend himself at his own trial. Accord
Mares v. State, 571 S.W.2d 303, 307 (Tex. Crim. App. 1978); see Bath v. State, 951 S.W.2d 11, 22
(Tex. App.--Corpus Christi 1997, pet. ref'd); Bledsoe, 936 S.W.2d at 351; Weber v. State, 829
S.W.2d 394, 396 (Tex. App.--Beaumont 1992, no pet.); cf. Adanandus v. State, 866 S.W.2d 210,
218-20  (Tex.  Crim.  App.  1993).  Moreover,  Polston  has  not  shown  that  his  absence  from
the voir dire in a different case in any way harmed his defense. See Haygood v. State, 127 S.W.3d
805, 812 (Tex. App.--San Antonio 2003, pet. ref'd).

 Finding no violation of Article 33.03, we affirm the trial court's judgment.


 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 25, 2007

Date Decided: May 30, 2007


Do Not Publish


1. To demonstrate further the flaw in Polston's argument, assume hypothetically that the
prosecutor has previously met someone while watching a high school football game and learns from
this individual that he is a true "law and order" kind of guy. The following week, the prosecutor sees
this new acquaintance on a venire panel. That Friday night conversation has not become part of the
trial being conducted on Monday.