COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
 2-08-014-CR

 

 

ANTONIO CUEVAS                                                               APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

               FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Introduction








Antonio Cuevas appeals his conviction and thirteen year sentence for robbery.  In a single point, Cuevas argues that the
trial court erred by conducting voir dire when he was not present, in violation
of Article 33 of the Texas Code of Criminal Procedure.  See 
Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 2006).  We affirm.

Background and
Procedural Facts

Because Cuevas does not
challenge the sufficiency of the evidence, we will recite only as much of the
record as necessary to put his complaints into context. We will examine the
record in greater detail in connection with Cuevas=s point of error.  

The record shows that Cuevas
devised a plan to send two of his friends, Dustin Shea and Raymond Greenwell,
to rob the victim.  The victim was Mr.
Tierce, an estranged boyfriend and roommate of one of Cuevas=s female friends, Sabra Underwood. 
Cuevas drove Shea and Greenwell to a location near Tierce=s home.  The two men entered the
house, one struck Tierce, and they both tied up Tierce and the estranged
girlfriend, Sabra.  Shea forced Tierce to
ingest an Ecstasy pill; Cuevas had previously given him the pill and instructed
him to use it on Tierce.  Shea and
Greenwell proceeded to steal guns and laptops from the house.  Both Shea and Greenwell fled, but the police
quickly caught them.  The two men
implicated Cuevas in the robbery.  Later,
Cuevas was indicted for the crime.  








Cuevas=s trial started on December 10, 2007, with jury selection in an
afternoon session.  Several of the venire
panel members had also participated in a morning session of voir dire conducted
by the same prosecutor; however, that session concerned an unrelated case and a
different defendant.  Cuevas=s counsel also attended the morning session.  At the beginning of the voir dire for the
Cuevas case, Cuevas=s attorney
objected and stated that the majority of the panel had been examined outside
the presence of the accused and not on the record of Cuevas=s case.  He added that his
client had a right to have the answers to the previous voir dire on the record.  The trial court overruled this objection and
the proceeding continued.  Both the State
and Cuevas conducted a complete voir dire on the afternoon panel.  The trial proceeded, and the jury ultimately
returned a verdict of guilty of robbery. 
The trial court sentenced Cuevas to thirteen years= imprisonment and a $10,000 fine. 
Cuevas appeals this judgment.

Discussion








In his sole point, Cuevas argues that the trial court erred
by conducting voir dire outside his presence, in violation of Article 33.03 of
the Texas Code of Criminal Procedure. 
Article 33.03 states, AIn all
prosecutions for felonies, the defendant must be personally present at the
trial . . . .@  See
Adanandus v. State, 866 S.W.2d 210, 217 (Tex. Crim. App. 1993), cert.
denied, 510 U.S. 1215 (1994) (discussing Tex. Code Crim. Proc. Ann. art.
33.03.)  Cuevas argues both his absence
at the voir dire of another defendant and the opportunity for the prosecutor to
develop a relationship with the jurors outside the presence of Cuevas
constitute harmful error. 

This court has rejected the identical argument in Ballard
v. State and Lain v. State.  See Ballard v. State, No. 02-07-00027,
2008 WL 204270, at *1 (Tex. App.CFort. Worth Jan.
24, 2008, no pet. (mem. op, not designated for publication); Lain v. State,
No. 02-06-00325-CR, 2007 WL 2331017 at *3 (Tex. App.CFort Worth Aug.
16, 2007, no pet. (mem. op., not designated for publication).  This court does not agree with the argument
that a previous, unrelated voir dire involving the same prosecutor and many of
the same venire panel members is the equivalent of a voir dire in Cuevas=s case.  Ballard, 2008 WL 204270, at *1;
Lain, 2007 WL 2331017, at *3.  In
both Ballard and Lain, despite a venire panel composed of several
persons from the earlier morning session, both appellants were able to voir
dire the entire panel for their respective trials.  Ballard, 2008 WL 204270, at *1;
Lain, 2007 WL 2331017, at *1.  In
Cuevas=s trial, he had
the opportunity to voir dire the entire panel, examining both the morning
session panel and new panel members.   








Cuevas relies on Bledsoe v. State to argue that he
suffered similar harm from his absence from the other case=s voir dire
session.  The Bledsoe case is not
based on similar facts to this case because it involved a defendant absent from
the entirety of her trial=s voir dire examination.  Bledsoe v. State, 936 S.W.2d 350, 351
(Tex. App.CEl Paso 1996, no pet.).  The court found harm in that case because the
defendant was never able to have face-to-face interaction with the potential
jurors and could not assist counsel in observing the venire panel.  Id. at 352.  In this case, Cuevas was present with his
counsel for the entire voir dire examination for his respective trial, and he
was able to view each panel member face to face.  

Even if Cuevas were successful in proving that he was
actually absent from the relevant voir dire, we would nevertheless overrule his
point because any deviation from article 33.03's requirements was
remedied.  According to Adanandus,
an appellant=s absence can be Aundone@ by a
re-examination in the appellant=s presence of
those venire persons who were examined in his absence.  Adanandus, 866 S.W.2d at 217.  In this case, Cuevas was able to fully voir
dire everyone from the morning session: thus, the requirements of article 33.03
were met.  We therefore overrule his sole
point. 

Conclusion

Having overruled Cuevas=s sole point, we
affirm the trial court=s judgment.  

PER CURIAM

 

PANEL:       GARDNER, HOLMAN, and WALKER, JJ.   

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 








DELIVERED:  October 9, 2008











[1]See Tex.
R. App. P. 47.4.