Calvin Bernard SUMRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–08–00732–CR.

Court of Appeals of Texas, Dallas.

July 30, 2009.

Rehearing Overruled Sept. 18, 2009.

Discretionary Review Granted Feb. 24, 2010.

Lori L. Ordiway, Dallas, for Appellant.

Craig Watkins, Dallas County Dist. Atty., Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for State.

Before Justices FITZGERALD, LANG, and SMITH.[1]

## OPINION

Opinion By Justice FITZGERALD.

Calvin Bernard Sumrell appeals his conviction for delivery of four grams or more but less than two hundred grams of cocaine. After the jury found appellant guilty, the trial court sentenced appellant to twenty-five years' imprisonment and a $1000 fine. Appellant brings five issues on appeal, including that the trial court erred by conducting a portion of voir dire when appellant was not present. We reverse the trial court's judgment and remand the cause for further proceedings.

## JURY SELECTION

In his first issue, appellant asserts the trial court erred in conducting a portion of the voir dire of the prospective jurors without appellant present.

After the State finished its voir dire, the trial court called a recess and then told appellant he had noticed "during voir dire you've been very active and somewhat vocal with your lawyer.... I think it's hurting you in front of the jury." The trial court also told appellant, "If you get disruptive or unruly, I can put you in the holdover, let you finish the trial there, but I don't want you to hurt the case." After appellant apologized, the court said appellant did not have to apologize and that the court was not upset but was only concerned that appellant was hurting his case before the jury. The court reminded appellant that he should "want to create a good impression in front of that jury."

Appellant's defense counsel then proceeded to voir dire the prospective jurors. Two prospective jurors stated they were bothered by appellant's behavior in court. Defense counsel then asked the panel if any of them had formed a bias against appellant "because of things that you've

1. The Honorable Bea Ann Smith, Justice, Court of Appeals, Third District of Texas at Austin, Retired, sitting by assignment.

seen this morning like have been described," and additional prospective jurors raised their hands.

After defense counsel finished her voir dire of the panel, the court took a recess. The record then shows the attorneys and the court discussing which prospective jurors they had agreed should be dismissed, and the court stated, "[c]onfirm those with the defendant out." The attorneys and the court then discussed which prospective jurors they needed to call for individual questioning about bias due to appellant's behavior during the State's voir dire. During this discussion, the trial court commented that appellant "behaved better during your [defense counsel's] voir dire when you were up."

After more discussion, and before the first prospective juror entered the courtroom for individual questioning, the trial court stated, "I guess we need Mr. Sumrell back out here." The record does not show whether appellant returned to the courtroom at that time. The record shows the court and the attorneys questioned seven prospective jurors about whether they were biased against appellant because of his behavior during voir dire. Three of the prospective jurors were dismissed for cause after they stated they were biased, and the other four stated they could set aside appellant's behavior and were not biased against him. Of those four, two were peremptorily challenged by defense counsel and the other two served on the jury. After individual questioning of the last prospective juror, the trial court stated, "Let's review the jurors we've lost one more time with Mr. Sumrell present," and the court listed the numbers of the prospective jurors dismissed for cause. The court recessed for the lawyers to make their peremptory challenges. When the court reconvened, the court stated, "Let me call off the names of the jurors. Let me have Mr. Sumrell." The record shows the prospective jurors re-entered the courtroom. The court announced the selected jurors and dismissed the remaining prospective jurors.

The next day, defense counsel stated she selected the jury without appellant's input and that appellant "expressed concerns this morning he was not allowed to pick his own jury yesterday." She stated she had fifteen years' felony-trial experience. She then observed that appellant is African American, that the jury included five African Americans, and that she was pleased with the selected jury. Defense counsel did not elicit any testimony from appellant.

As part of the right of confrontation under article I, section 10 of the Texas Constitution and the Sixth Amendment to the United States Constitution, a defendant has a constitutional right "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta v. California*, 422 U.S. 806, 820 n. 15, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *see Miller v. State*, 692 S.W.2d 88, 90 (Tex.Crim.App.1985). It is well accepted that the jury-selection process is one of those stages.[2]  *See, e.g.,*

---

**2.** This right is codified under state law in article 33.03 of the Texas Code of Criminal Procedure, which is even more protective of a defendant's rights than the constitutional provisions because the right to be present cannot be waived before the jury is selected. *See Miller*, 692 S.W.2d at 91. Article 33.03 provides,

In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected

*Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Lewis v. United States,* 146 U.S. 370, 375, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); *Hopt v. Utah,* 110 U.S. 574, 578, 4 S.Ct. 202, 28 L.Ed. 262 (1884); *Cohen v. Senkowski,* 290 F.3d 485, 489 (2d Cir.2002); *United States v. Rolle,* 204 F.3d 133, 136 (4th Cir.2000); *Miller,* 692 S.W.2d at 90. A defendant waives this constitutional right by voluntarily absenting himself after the commencement of trial proceedings. *Taylor v. United States,* 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (per curiam) (waiver by voluntarily not returning to court); *Allen,* 397 U.S. at 342, 90 S.Ct. 1057 (waiver by voluntary disruption of trial); *Miller,* 692 S.W.2d at 91 (waiver by voluntarily not returning to court).

■ The record shows appellant was present during the general voir dire by the State and defense counsel. However, the State concedes on appeal that appellant was absent during the individual questioning of the seven prospective jurors who stated they had formed a bias against appellant based on his behavior.

The State asserts there was no constitutional violation because there was no indication in the record that appellant's absence was not voluntary. The record shows appellant had been denied a bond reduction and that his defense counsel was court appointed. The judgment's crediting appellant with time served also indicates appellant was in custody during the trial. The court's statements, "we need Mr. Sumrell back out here" and "[l]et me have Mr. Sumrell," also indicate appellant was in custody; therefore, appellant's presence

or absence from the courtroom was not within his control. We will not presume on the record before us that appellant's absence was voluntary. *See Bledsoe v. State,* 936 S.W.2d 350, 351 n. 2 (Tex.App.-El Paso 1996, no pet.). Accordingly, we conclude the exclusion of appellant violated his constitutional right to be present in court during jury selection. *See Hodges v. State,* 116 S.W.3d 289, 296 (Tex.App.-Corpus Christi 2003, pet. ref'd).

■ Having found appellant's constitutional rights were violated, we must consider whether that violation constitutes reversible error. When a defendant's constitutional right to be present during the trial has been violated, we consider whether the defendant's presence bears "a substantial relationship to the opportunity to defend," and if it does not, then any error is harmless. *Bledsoe,* 936 S.W.2d at 351 (quoting *Adanandus v. State,* 866 S.W.2d 210, 219 (Tex.Crim.App. 1993)). Under rule of appellate procedure 44.2(a), a case with constitutional error must be reversed unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP. P. 44.2(a).

■ In this case, the right violated was appellant's right to be present during the entire jury-selection process. In *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), the Supreme Court discussed the importance of the defendant's presence during jury selection: "[D]efense may be made easier if the ac-

when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during

the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.
TEX.CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006).

cused is permitted to be present at the examination of jurors or the summing up of counsel, for it will be in his power, if present, to give advice or suggestion or even to supersede his lawyers altogether and conduct the trial himself." *Id.* at 106, 54 S.Ct. 330. In *United States v. Camacho*, 955 F.2d 950 (4th Cir.1992), the Fourth Circuit also discussed the issue:

> It is of the utmost importance that the defendant be present when the jury is being selected.... [T]he defendant has unique knowledge which is important at all stages of the trial, including voir dire. At the voir dire he may, for example, identify prospective jurors that he knows. He may also have knowledge of facts about himself or the alleged crime which may not have seemed relevant to him in the tranquility of his lawyer's office, and thus may not have been disclosed, but which may become important as the individual prejudices or inclinations of the jurors are revealed. He may also be a member of the community in which he will be tried and might be sensitive to particular local prejudices his lawyer does not know about.

*Id.* at 956 (quoting *United States v. Alessandrello*, 637 F.2d 131, 151 (3d Cir.1980) (Higginbotham, J., dissenting)).

In *Bledsoe v. State*, the El Paso Court of Appeals carefully set out four fundamental reasons that the defendant's presence during jury selection bears a reasonably substantial relationship to the opportunity to defend. First, voir dire is the only opportunity for the prospective jurors to view the defendant for the purpose of discovering whether any of them were acquainted with him. *Bledsoe*, 936 S.W.2d at 352. Second, voir dire provides the defendant an opportunity to view the prospective jurors face-to-face and determine whether he knows any of them and whether any of them are biased for or against him. *Id.*

Third, by being present, the defendant may assist his counsel by watching the prospective jurors' reactions to the counsel for both sides. *Id.* Finally, the defendant's presence enables him not only to observe voir dire but also to participate in the jury-selection process. *Id.*

In this case, the first factor does not apply because appellant was present during the general voir dire presented by the State and the defense, and the prospective jurors had the opportunity to view appellant to see if any of them knew him, and none did. The second factor does apply. Although appellant had the opportunity to view the prospective jurors to see if he knew any of them, he was denied the continued right to view them during the individual questioning to determine whether any were biased against him.

Likewise, the third and fourth factors also apply. Had appellant been present in the courtroom during the individual questioning of the prospective jurors, he could have listened to the questions asked and the prospective jurors' responses and observed their demeanor. His observations would have enabled appellant to consult with his defense counsel in the crucial determination of the exercise of peremptory challenges. However, because appellant was absent from the courtroom during the individual questioning of the prospective jurors, he was unable to assist his counsel in exercising the peremptory challenges, and defense counsel exercised the peremptory challenges without permitting appellant to participate in that decision.

The record shows that when defense counsel exercised peremptory challenges against two of the jurors who had expressed bias against appellant, defense counsel still had five peremptory challenges remaining. Without consulting appellant, defense counsel exercised the remaining peremptory challenges against

other prospective jurors, permitting two prospective jurors who had expressed bias against appellant to serve on the jury. Had appellant been present during the individual questioning of those prospective jurors, he could have participated with his counsel in the decision whether to exercise peremptory challenges against those prospective jurors. We conclude that appellant's presence during the individual voir dire of the prospective jurors bore a reasonably substantial relationship to the opportunity to defend. *See Bledsoe*, 936 S.W.2d at 352.

In arguing that any error was harmless, the State cites cases holding no harm exists from the defendant's exclusion from the courtroom when nothing that occurs in the defendant's absence could affect him or when what occurred in the defendant's absence inured to his benefit. *See Weber v. State*, 829 S.W.2d 394, 396–97 (Tex.App.-Beaumont 1992, no pet.); *Wesley v. State*, 749 S.W.2d 933, 934–35 (Tex.App.-Texarkana 1988, no pet.). The State argues that because the trial court sustained defense counsel's challenges for cause to three of the seven prospective jurors who originally expressed being biased against appellant, "it is clear that everything that occurred in Appellant's absence inured to his benefit." We disagree. Four of the prospective jurors who originally said appellant's behavior biased them against him were not dismissed for cause, defense counsel had to exercise peremptory challenges against two of them, and the remaining two were seated on the jury that convicted appellant.

The State also argues appellant's absence benefitted him because "[o]nly in Appellant's absence would defense counsel be assured that the challenged panel members would speak truthfully about Appellant having left a bad impression on them." We decline to engage in such speculation.

The prospective jurors were under oath, sworn to give truthful answers to the questions asked of them. *See* TEX.CODE CRIM. PROC. ANN. art. 35.02 (Vernon 2006). One of the bases of the American judicial system is that persons sworn to tell the truth will speak truthfully in the defendant's presence even when the statements are harmful to the defendant.

■ The State also argues appellant invited the error because the situation he complains of resulted from his own actions. The State cites *Garcia v. State*, 919 S.W.2d 370 (Tex.Crim.App.1994). In that capital-murder case, during the jury-selection process, the trial court notified the defendant's counsel that on a particular day, additional prospective jurors would be qualified and instructed. *Id.* at 393 (op. on reh'g). The defendant's counsel informed the court that he would not be present during the procedure, and both defendant and his counsel indicated on the record that they had no objection to the proceedings occurring without their presence. *Id.* On appeal, the defendant argued the trial court violated his right to be present. The court of criminal appeals held the defendant was not denied his right to be present—he waived it. *Id.* at 394.

The situation in *Garcia* bears no resemblance to the case before us. In this case, appellant did not state that the proceedings could proceed in his absence. Nothing in the record shows appellant did anything to waive his right to be present. Defense counsel's remarks, in fact, show appellant desired to be present. The record contains no explanation for his absence. Although the trial court stated it could put appellant in the holdover cell if he were disruptive or unruly, the record does not show, and the trial court did not find, that appellant was disruptive or unruly. Instead, the court commented on appellant's improved behavior during de-

fense counsel's general voir dire. The trial court was not upset by appellant's conduct and told appellant he did not need to apologize. The record does not show appellant's exclusion from the courtroom during the questioning of the individual prospective jurors was related in any way to appellant's own actions. We conclude the record does not show appellant invited the error of which he complains on appeal.

At a minimum, the record shows appellant wanted to consult with defense counsel and actively participate in his trial. Defense counsel's statements the following day show that appellant desired to participate in the jury-selection process and objected to his exclusion.

After reviewing the entire record, we cannot conclude beyond a reasonable doubt that appellant's absence from the courtroom during the jury-selection process did not contribute to his conviction. *See* TEX.R.APP. P. 44.2(a). We sustain appellant's first issue. Because our resolution of appellant's first issue resolves the appeal, we need not reach his remaining issues. *See* TEX.R.APP. P. 47.1.

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.