ACCEPTED
06-14-00156-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/7/2015 9:17:06 AM
DEBBIE AUTREY
CLERK

## No. 06-14-0156-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/8/2015 4:34:00 PM
DEBBIE AUTREY
Clerk

IN THE SIXTH COURT OF APPEALS

at TEXARKANA

_____

**SHAWN SMITH,**

*Appellant*

vs.

**STATE OF TEXAS,**

*Appellee*

_____

Appeal from the District Court of Bowie County, Texas
102nd Judicial District

_____

## APPELLANT'S BRIEF

_____

Troy Hornsby

*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks Drive
Texarkana, Texas 75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant
Shawn Smith

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

| **Appellant** | **Smith's appellate counsel** |
|---|---|
| Shawn Smith | Troy Hornsby<br>*Miller, James, Miller, & Hornsby, LLP*<br>1725 Galleria Oaks Drive<br>Texarkana, Texas 75503 |
| | **Smith's trial counsel** |
| | Will Williams<br>Bowie Co. Public Defender's Office<br>424 W. Broad Street<br>Texarkana, Texas 75501 |
| **Appellee** | **State's counsel** |
| State of Texas | Kelley Gossett Crisp<br>Bowie County Dist. Attorney's Office<br>601 Main Street<br>Texarkana, Texas 75501 |

TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Statement of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    **Issue 1:**    Count 4 of the indictment, alleging injury to a child, was fundamentally defective due to the omission of the required causation element. . . . . . . . . . . . . . . . . . . . . . . . . 17

                Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

                Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

                Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

                Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    **Issue 2:**    Count 1 of the indictment, alleging aggravated sexual assault (of a child), was defective because of the State's failure to delineate a specific aggravating factor. . . . . . . 23

                Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

                Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

                Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

                Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

**Issue 3:** Smith did not voluntarily absent himself from the punishment phase of the trial because guards, rather than medical necessity, prevented Smith from attending . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

**Issue 4:** The court admitted a DNA testing report without allowing Smith the opportunity to cross examine the serologist who actually conducted the testing. Accordingly, Smith was denied his right to confrontation guaranteed by the Sixth Amendment . . . . . . . . . . . . . . . . 40

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

**INDEX OF AUTHORITIES**

**CASES:**                                                                                                              **PAGE**

*Amaya v. State,*
    551 S.W.2d 385 (Tex. Crim. App. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . 28

*American Plant Corporation v. State,*
    508 S.W.2d 598 (Tex. Crim. App. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Ashley v. State,*
    404 S.W.3d 672 (Tex. App.—El Paso 2013, no pet.) . . . . . . . . . . . . . . . 35

*Bath v. State,*
    951 S.W.2d 11 (Tex. App.—Corpus Christi 1997, pet. ref'd) . . . . . . . 38

*Bird v. State,*
    527 S.W.2d 891 (Tex. Crim. App. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Bledsoe v. State,*
    936 S.W.2d 350 (Tex. App.—El Paso 1996, no writ) . . . . . . . . . . . . . . 39

*Bottom v. State,*
    860 S.W.2d 266 (Tex. App.—Fort Worth 1993, no pet.) . . . . . . 35,36-7

*Brem v. State,*
    571 S.W.2d 314 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Cain v. State,*
    947 S.W.2d 262 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Coleman v. State,*
    643 S.W.2d 124 (Tex. Crim. App. 1982) . . . . . . . . . . . . . . . . . . . . . . 28,29

*Cook v. State,*
    902 S.W.2d 471 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Crawford v. Washington,*
    541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) . . . . . . . . . . . . . . 42

*Drumm v. State,*
    560 S.W.2d 944 (Tex. Crim. App. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . 28

5

*Duron v. State,*
956 S.W.2d 547 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ex Parte Mathis,*
571 S.W.2d 186 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . . . . . . 19,21

*Ferguson v. State,*
622 S.W.2d 846 (Tex. Crim. App. 1980)(en banc) . . . . . . . . . . . . . . 28,29

*Gorman v. State,*
634 S.W.2d 681 (Tex. Crim. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . 28

*Grizzard v. State,*
No. 01-06-00930-CR (Tex. App.—Houston [1st Dist.]
July 3, 2008, no pet.)(mem. op) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35,37

*Guzman v. State,*
955 S.W.2d 85 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . 19,24

*Hamilton v. State,*
300 S.W.3d 14 (Tex. App.—San Antonio 2009, pet. ref'd) . . . . . . 42,43

*Heard v. State,*
887 S.W.2d 94 (Tex. App.—Texarkana 1994, pet. ref'd) . . . . . . . . 35,37

*Hodges v. State,*
116 S.W.3d 289 (Tex. App.—Corpus Christi 2003, pet. ref'd) . . . . . . 38

*Hudson v. State,*
128 S.W.3d 367 (Tex. App.—Texarkana 2004, no pet.) . . . . . . . . . . . 33

*In re Commitment of Young,*
410 S.W.3d 542 (Tex. App.—Beaumont 2013, no pet.) . . . . . . . . . . . 38

*Jasper v. State,*
61 S.W.3d 413 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 38

*Johnson v. State,*
623 S.W.2d 654 (Tex. Crim. App. 1981) . . . . . . . . . . . . . . . . . . . . . . . 29

*Johnson v. State,*
967 S.W.2d 410 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . 21,30,38,43

6

*Johnson v. State*,
43 S.W.3d 1 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . 21,22,30,31,38,43

*King v. State*,
953 S.W.2d 266 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . 21,30,38,43

*Maines v. State*,
170 S.W.3d 149 (Tex. App.—Eastland 2005, no pet.) . . . . . . . . . . 35,37

*May v. State*,
618 S.W.2d 333 (Tex. Crim. App. 1981) . . . . . . . . . . . . . . . . . . . . . . 28

*Melendez-Diaz v. Massachusetts*,
557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) . . . . . . . . . . . . . 42

*Miller v. State*,
692 S.W.2d 88 (Tex. Crim. App. 1985) (en banc) . . . . . . . . . . . . . 34,35

*Moore v. State*,
670 S.W.2d 259 (Tex. Crim. App. 1984) (en banc) . . . . . . . . . . . . . . . 33

*Nam Hoai Le v. State*,
963 S.W.2d 838 (Tex. App.—Corpus Christi 1998, pet. ref'd) . . . . . . 18

*Papakostas v. State*,
145 S.W.3d 723 (Tex. App.—Corpus Christi 2004, no pet.) . . . . . . . . 33

*Sanchez v. State*,
182 S.W.3d 34 (Tex. App.—San Antonio 2005),
*aff'd*, 209 S.W.3d 117 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . 31

*Schutz v. State*,
63 S.W.3d 442 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . 21,30,38,43

*Smith v. State*,
309 S.W.3d 10 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . 31

*State v. Mays*,
967 S.W.2d 404 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . 27

*State v. Moff*,
154 S.W.3d 599 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . 18,24

*Sumrell v. State,*
 326 S.W.3d 621 (Tex. App.—Dallas 2009),
 *pet. dism'd improvidently granted,*
 320 S.W.3d 338 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Taylor v. United States,*
 414 U.S. 17 (1973) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Tollett v. State,*
 219 S.W.3d 593 (Tex. App.—Texarkana 2007, pet. ref'd) . . . . . . . . 31

*Tullous v. State,*
 23 S.W.3d 195 (Tex. App.—Waco 2000, pet. ref'd) . . . . . . . . . . . . . . 29

*United States v. Bearden,*
 423 F.2d 805 (5th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Ramirez,*
 233 F.3d 318 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Wall v. State,*
 184 S.W.3d 730 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . 40-1

*Walters v. State,*
 777 S.W.2d 734 (Tex. App.—Beaumont 1989, pet. ref'd) . . . . . . . 29,30

*Watson v. State,*
 548 S.W.2d 676 (Tex. Crim. App. 1977) . . . . . . . . . . . . . . . . . . . . . . . . 29

*Weber v. State,*
 829 S.W.2d 394 (Tex. App.—Beaumont 1992, no pet.) . . . . . . . . . . . . 39

**CONSTITUTIONS:**

Tex. Const. art. I, §10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,25

Tex. Const. art. V, §12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**STATUTES AND RULES:**

Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005) . . . . . . . . . . . . . . 17,23

Tex. Code Crim. Proc. Ann. art. 21.02(7) (West 2009) . . . . . . . . . . . . . . 19,25

Tex. Code Crim. Proc. Ann. art. 21.03 (West 2009) . . . . . . . . . . . . . . . . 19,25

Tex. Code Crim. Proc. Ann. art. 21.12 (West 2009) . . . . . . . . . . . . . . . . . . . 28

Tex. Code Crim. Proc. Ann. art. 21.19 (West 2009) . . . . . . . . . . . . . . . . . . . 31

Tex. Code Crim. Proc. Ann. art. 21.21(7) (West 2009) . . . . . . . . . . . . . . 19,25

Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006) . . . . . . . . . . . . . . . . 34,35

Tex. Pen. Code Ann. §1.07 (a)(1) (West supp. 2014) . . . . . . . . . . . . . . . . . . 26

Tex. Pen. Code Ann. §22.021 (West supp. 2014) . . . . . . . . . . . . . . . . . 25,26,27

Tex. Pen. Code Ann. §22.04 (West 2011) . . . . . . . . . . . . . . . . . . . . . . . . . 19,20

Tex. R. App. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,23,32,40

Tex. R. App. P. 44.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21,30,31,38,43

## STATEMENT OF THE CASE

*Nature of case:*  This is an appeal from a conviction for the following:

(Count 1)  aggravated sexual assault (of a child)
Tex. Pen. Code §22.021 (C.R. pg. 366)

(Count 2)  indecency with a child (by sexual contact)
Tex. Pen. Code §21.11 (C.R. pg. 368)

(Count 3)  assault (family violence) [lesser included]
Tex. Pen. Code §22.01 (C.R. pg. 370)

(Count 4)  injury to a child
Tex. Pen. Code §22.04.  (C.R. pg. 372)

(Count 5)  acquitted  (C.R. pg. 326)

(Count 6)  acquitted  (C.R. pg. 327)

(Count 7)  indecency with a child (by sexual contact)
Tex. Pen. Code §21.11 (C.R. pg. 376)

*Judge/Court:*  Judge Bobby Lockhart, 102nd District Court of Bowie County, Texas. (C.R. pg. 366,368,376,370,372).

*Pleas*:  Shawn Smith (Smith) entered pleas of "not guilty" to all of the allegations against him.(C.R. pg. 366,368,376,370, 372)(R.R. vol. 15 pg. 7-12).

*Trial disposition:*  The case was tried to a jury which found Smith guilty of only these five offenses and recommended the following sentences:

(Count 1)  aggravated sexual assault (of a child)
99 years (C.R. pg. 366)

(Count 2)  indecency with a child (by sexual contact)
99 years (C.R. pg. 368)

(Count 3)  assault (family violence)
one year (C.R. pg. 370)

(Count 4)  injury to a child

25 years  (C.R. pg. 372)

(Count 7)   indecency with a child (by sexual contact)
            99 years (C.R. pg. 376)

The court imposed those sentences with counts 1, 3 and 4
to run consecutively and counts 2 and 7 running
consecutively. (C.R. pg. 366,368,376,370,372).

## ISSUES PRESENTED

**Issue 1:**   Count 4 of the indictment, alleging injury to a child, was fundamentally defective due to the omission of the required causation element.

**Issue 2:**   Count 1 of the indictment, alleging aggravated sexual assault (of a child), was defective because of the State's failure to delineate a specific aggravating factor.

**Issue 3:**   Smith did not voluntarily absent himself from the punishment phase of the trial because guards, rather than medical necessity, prevented Smith from attending.

**Issue 4:**   The court admitted a DNA testing report without allowing Smith the opportunity to cross examine the serologist who actually conducted the testing.  Accordingly, Smith was denied his right to confrontation guaranteed by the Sixth Amendment.

## STATEMENT OF ORAL ARGUMENT

Oral argument might assist the court in considering the multiple aggravating factors in count 1 and the underlying facts of Smith's alleged voluntary absenting himself from the trial.

## STATEMENT OF FACTS

It is undisputed that Shawn Smith (Smith) and Shelby Jones (victim's pseudonym used in the indictments) both believed that Smith was Shelby Jones's natural father. (R.R. vol. 16 pg. 124). Shelby Jones was 14 years old (R.R. vol. 16 pg. 124) and lived with Smith at Smith's mother's home. (R.R. vol. 16 pg. 125).

The State alleges that on January 19, Smith digitally penetrated Shelby Jones. (R.R. vol. 16 pg. 128-9). Additionally, on January 24, Smith struck Shelby Jones and threatened her life, then had vaginal intercourse with Shelby Jones. (R.R. vol. 16 pg. 131-6).

Smith denies the sexual assault allegations. (R.R. vol. 17 pg. 239-240). Smith admits to spanking Shelby Jones (R.R. vol. 17 pg. 188) and argues that Shelby Jones fabricated the allegations in an attempt to get away from Smith. (R.R. vol. 17 pg. 18). Smith contends that he is not Shelby Jones' father. (R.R. vol. 16 pg. 33).

## SUMMARY OF THE ARGUMENT

**Issue 1:**   Count 4 of the indictment, alleging injury to a child, was fundamentally defective due to the omission of the required causation element.

In count 4 of the indictment against Smith, alleging injury to a child, the State omitted the required causation element.  This omission from the charging instrument is fundamental error because it does not charge Smith with the commission of injury to a child on the face of the charging instrument.

**Issue 2:**   Count 1 of the indictment, alleging aggravated sexual assault (of a child), was defective because of the State's failure to delineate a specific aggravating factor.

Count 1 of the indictment against Smith failed to delineate a specific aggravating factor escalating sexual assault to aggravated sexual assault, out of the nine potential aggravating factors addressed in the indictment. Although it is generally not necessary for the State to specifically allege any particular aggravating factor, here the offense could have been aggravated in nine different ways.  Therefore, a failure to delineate the particular aggravating factor deprived Smith of fair notice of the alleged offense. Accordingly, count 1 of the indictment was insufficient.

15

**Issue 3:**     Smith did not voluntarily absent himself from the punishment phase of the trial because guards, rather than medical necessity, prevented Smith from attending.

Smith was not present at trial to receive the guilt-innocence verdict, nor was he present to attend or testify during the punishment phase. The appellate record may establish that Smith initially voluntarily absented himself from the guilt-innocence phase of the trial due to a suicide attempt. However, the appellate record does not establish that Smith continued to voluntarily absent during the punishment phase of the trial. Rather, the appellate record establishes that the guards, rather than the medical necessity of treatment, prevented Smith from attending the punishment phase of the trial.

**Issue 4:**     The court admitted a DNA testing report without allowing Smith the opportunity to cross examine the serologist who actually conducted the testing. Accordingly, Smith was denied his right to confrontation guaranteed by the Sixth Amendment.

The court admitted a DNA testing report which was testimonial in nature implicating Smith's Sixth Amendment right to confrontation. However, that right was violated when Smith was denied the opportunity to cross examine the serologist who actually conducted the testing.

16

**Issue 1:** Count 4 of indictment, alleging injury to a child, was fundamentally defective due to the omission of the required causation element.

In count 4 of the indictment against Smith, alleging injury to a child, the State omitted the required causation element. This omission from the charging instrument is fundamental error because it does not charge Smith with the commission of injury to a child on the face of the charging instrument.

## Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). More specifically, article 1.14(b) of the Texas Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal.

Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005).

Although Smith objected to the indictment, Smith did not object to the indictment on this basis. Therefore, Smith is forced to argue

17

fundamental error.

To show fundamental error, a party must show that the charging instrument is so deficient that it fails to confer jurisdiction upon the court to render a conviction. *Nam Hoai Le v. State*, 963 S.W.2d 838, 843 (Tex. App.—Corpus Christi 1998, pet. ref'd). A charging instrument is sufficient to convey jurisdiction if it charges a specific person with the commission of an offense which is apparent from the face of the charging instrument. *Id.; see also Duron v. State*, 956 S.W.2d 547, 549-50 (Tex. Crim. App. 1997). Further, an indictment is constitutionally defective only if it is so defective that it no longer serves as an indictment. *See* Tex. Const. art. V, § 12(b); *Cook v. State*, 902 S.W.2d 471, 476 (Tex. Crim. App. 1995). The crime must be alleged in the indictment with enough specificity and clarity that the defendant can identify the penal statute under which the state intends to prosecute. *Duron v. State*, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997).

Finally and most specifically, in *Ex Parte Marthis*, the Texas Court of Criminal Appeals concluded that a complaint as to the omission of a necessary element to an indictment may be urged for the first time after trial. 571 S.W.2d 186 (Tex. Crim. App.1978).

### Standard of Review

The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). When the resolution of a

question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, and appellate courts should conduct a *de novo* review of the issue. *Id.; see Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

## Law and Application

In count 4 of the indictment against Smith, alleging injury to a child, the State omitted the required causation element. This omission from the charging instrument is fundamental error because it does not charge Smith with the commission of injury to a child on the face of the charging instrument.

Texas Code of Criminal Procedure Article 21.03 provides "everything should be stated in an indictment which is necessary to be proved." Tex. Code Crim. Proc. Ann. art. 21.03; *see also* art. 21.02(7), art. 21.21(7) (West 2009). This stems from the constitutional right of an accused "to demand the nature and cause of the accusation." Tex. Const. art. I, §10. If an element of an offense is omitted, then the indictment fails to allege an offense. *Ex parte Mathis*, 571 S.W.2d 186 (Tex. Crim. App.1978).

Texas Penal Code section 22.04 provides in relevant part as follows:

**Injury to a Child, Elderly Individual, or Disabled Individual**

(a)     A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act

19

> or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
> (1) serious bodily injury;
> (2) serious mental deficiency, impairment, or injury; or
> (3) bodily injury.
>     . . .

Tex. Pen. Code Ann. §22.04 (West 2011). Thus, injury to a child requires the State to allege the actor (1) intentionally, knowingly, recklessly, or with criminal negligence (2a) by act, or (2b) or intentionally, knowingly, or recklessly by omission, (3) causes, (4) to a child, elderly individual, or disabled individual, (5a)  serious bodily injury, (5b) serious mental deficiency, impairment, or injury, or (5c) bodily injury.  *Id*.

Here, the State alleged elements 1, 2a, 4 and 5c, but omitted element 3, the causation element. (C.R. pg. 36).  The indictment against Smith reads in relevant part as follows:

### Count Four - Injury to a Child

> And it is further presented in and to said Court that heretofore on or about January 19, 2013, the said Shawn Lewis Smith, did then and there intentionally or knowingly bodily injury to Shelby Jones (a pseudonym), a child who was then and there 14 years of age or younger, by beating Shelby Jones (a pseudonym) with a belt.

(C.R. pg. 36). This indictment against Smith alleges all the necessary elements of injury to a child with the exception of causation.  *See* Tex. Pen. Code Ann. §22.04 (West 2011).  It specifies that (1) "Shawn Lewis smith", (2) "intentionally or knowingly", (3) "by beating", (4) "Shelby Jones (a

20

pseudonym), a child . . . 14 years of age or younger", and (4) bodily injury. (C.R. pg. 36). Accordingly, the indictment against Smith alleges everything "which is necessary to be proved" to allege injury to a child with the exception of causation.

If an element of an offense is omitted, then the indictment fails to allege an offense. *Ex parte Mathis*, 571 S.W.2d 186 (Tex. Crim. App. 1978). Here, the omission of the causation element causes the indictment to fail to allege the offense of injury to a child and renders the indictment fundamentally defective.

## Harmful Error

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim.

App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

However, a harmless error analysis is not necessary if the error was fundamental. *See, e.g., Bird v. State,* 527 S.W.2d 891, 894 (Tex. Crim. App. 1975). As argued above under Law and Application, the omission of the causation element is fundamental error.

**Issue 2:** Count 1 of the indictment, alleging aggravated sexual assault (of a child), was defective because of the State's failure to delineate a specific aggravating factor.

Count 1 of the indictment against Smith failed to delineate a specific aggravating factor escalating sexual assault to aggravated sexual assault, out of the nine potential aggravating factors addressed in the indictment. Although it is generally not necessary for the State to specifically allege any particular aggravating factor, here the offense could have been aggravated in nine different ways. Therefore, a failure to delineate the particular aggravating factor deprived Smith of fair notice of the alleged offense. Accordingly, count 1 of the indictment was insufficient.

## Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). More specifically, article 1.14(b) of the Texas Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal.

Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 205).

23

Here, Smith filed a motion to quash the indictment arguing that the indictment against Smith included eight possible aggravating factors and sought specificity in this regard. (C.R. pg. 281). That motion was overruled by the trial court. (R.R. vol. 14 pg. 13). Accordingly, this issue was preserved for appellate review.

## Standard of Review

The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, and appellate courts should conduct a *de novo* review of the issue. *Id.; see Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

## Law and Application

Count 1 of the indictment against Smith failed to delineate a specific aggravating factor escalating sexual assault to aggravated sexual assault, out of the nine potential aggravating factors addressed in the indictment. Although it is generally not necessary for the State to specifically allege any particular aggravating factor, here the offense could have been aggravated in nine different ways. Therefore, a failure to delineate the particular

aggravating factor deprived Smith of fair notice of the alleged offense. Accordingly, count 1 of the indictment was insufficient.

Texas Code of Criminal Procedure Article 21.03 provides "everything should be stated in an indictment which is necessary to be proved." Tex. Code Crim. Proc. Ann. art. 21.03 (West 2009); *see also* Tex. Code Crim. Proc. Ann. art. 21.02(7) and 21.21(7) (West 2009). This stems from the constitutional right of an accused "to demand the nature and cause of the accusation." Tex. Const. art. I, §10. In order to meet constitutional muster under the Fifth and Sixth Amendments, "it is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Bearden*, 423 F.2d 805, 810 (5th Cir. 1970) (citations omitted). The test for sufficiency is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards" but that it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000).

Texas Penal Code section 22.021 establishes aggravated sexual assault and provides in relevant part as follows:

25

**Aggravated Sexual Assault**

(a) A person commits an offense:
   (1) if the person:

   . . .

      (B) intentionally or knowingly:
         (i) causes the penetration of the anus or sexual organ of a child by any means;

      . . . and

   (2) if:
      (A) the person:

      . . .

         (ii) by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;
         (iii) by acts or words occurring in the presence of the victim threatens to cause the death, serious bodily injury, or kidnapping of any person;
      (B) the victim is younger than 14 years of age; or

      . . .

Tex. Pen. Code Ann. §22.021 (West supp. 2014). Additionally, "act" is defined as "bodily movement, whether voluntary or involuntary, and includes speech." Tex. Pen. Code Ann. §1.07 (a)(1) (West supp. 2014).

Here, count 1 of the indictment against Smith reads in relevant part as follows:

> . . . SHAWN SMITH . . . intentionally or knowingly cause the penetration of the sexual organ of Shelby Jones (a pseudonym), a child who was then and there younger than 11 years of age, by defendant's sexual organ, and the defendant did then and there by acts or words threaten to cause, or place, Shelby Jones (a pseudonym) in fear that death would be imminently inflicted on Shelby Jones (a pseudonym) and said acts or words occurred in the presence of Shelby Jones (a pseudonym).

(C.R. pg. 35)(bold and underlines removed). This indictment against Smith

alleges all the necessary elements of aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. § 22.021 (West supp. 2014).

However, as alleged in the indictment, the offense of sexual assault could have been potentially aggravated in nine different ways:

(1)  by "voluntary bodily movement" places the victim in fear that death would be imminently inflicted on her,

(2)  by "involuntary bodily movement" places the victim in fear that death would be imminently inflicted on her,

(3)  by "speech" places the victim in fear that death would be imminently inflicted on her,

(4)  by "word" places the victim in fear that death would be imminently inflicted on her,

(5)  by "voluntary bodily movement" occurring in the presence of the victim threatens to cause the victim's death,

(6)  by "involuntary bodily movement" occurring in the presence of the victim threatens to cause the victim's death,

(7)  by "speech" occurring in the presence of the victim threatens to cause the victim's death,

(8)  by "word" occurring in the presence of the victim threatens to cause the victim's death, or

(9)  the victim is younger than 14 years of age.

Generally, an information which tracks the statutory language will provide adequate notice. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). More specifically, an information need not set forth facts which are "merely evidentiary in nature." *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). However, when a defendant properly raises

the issue and the "statute denouncing the offense permits conviction on more than one set of circumstances, the accused is not required to anticipate any and all variant facts the State might hypothetically seek to establish . . . " *Ferguson v. State*, 622 S.W.2d 846 (Tex. Crim. App. 1980)(en banc)(citing *Drumm v. State*, 560 S.W.2d 944, 947 (Tex. Crim. App. 1977)). In such a situation, a defendant may insist on "a specific allegation of what the State will rely upon." *Ferguson v. State*, 622 S.W.2d 846 (Tex. Crim. App. 1980)(en banc)(citing *Amaya v. State*, 551 S.W.2d 385, 387 (Tex. Crim. App. 1977)).

For example, in *Coleman v. State*, the Texas Court of Criminal Appeals addressed a similar situation. 643 S.W.2d 124, 125 (Tex. Crim. App. 1982). There, the State alleged theft "by appropriation" which was challenged by a motion to quash seeking clarification. *Id*. at 125. The court concluded that generally, if the word or term is defined by statute, it need not be further clarified in the charging instrument. *Id*. at 125 (citing Tex. Code Crim. Proc. Ann. art. 21.12 (West 2009), *American Plant Corporation v. State*, 508 S.W.2d 598 (Tex. Crim. App. 1974), and *May v. State*, 618 S.W.2d 333 (Tex. Crim. App. 1981)). However, if a word or term in a charging instrument goes to an act or omission of the defendant, the word or term must be further clarified by the State. *Id*. (citing *Gorman v. State*, 634 S.W.2d 681, (Tex. Crim. App. 1982)).

Here, the indictment included nine potential aggravating factors.

Thus, pursuant to *Ferguson v. State*, Smith requested a specific allegation. 622 S.W.2d 846 (Tex. Crim. App. 1980)(en banc). More specifically, the term "act" is defined by statute, but goes to an act or omission of the defendant, and therefore, should have been clarified by the State. *Coleman v. State*, 643 S.W.2d 124, 125 (Tex. Crim. App. 1982).

At trial, the State directed the court to several cases where courts did not require more specific allegations. In *Tullous v. State*, the Waco Court of appeals did not require more specificity where there were three potential uses of "force" under the statute. 23 S.W.3d 195 (Tex. App.—Waco 2000, pet. ref'd). In *Brem v. State*, the Texas Court fo Criminal Appeals concluded that the State need not specify the means of "force and threats" aggravating the offense. *Brem v. State*, 571 S.W.2d 314 (Tex. Crim. App. 1978); *see also Johnson v. State*, 623 S.W.2d 654, 655 (Tex. Crim. App. 1981) and *Watson v. State*, 548 S.W.2d 676, 678-79 (Tex. Crim. App. 1977). Finally, in *Walters v. State*, the court concluded that the failure to specify the aggravating factor was not fundamental error. 777 S.W.2d 734 (Tex. App.—Beaumont 1989, pet. ref'd).

However, in these cases advanced by the State there were at most three potential factors. *Tullous v. State*, 23 S.W.3d 195 (Tex. App.—Waco 2000, pet. ref'd) (three potential uses of force); *Brem v. State*, 571 S.W.2d 314 (Tex. Crim. App. 1978)(two: force or threats); *see also Johnson v. State*, 623 S.W.2d 654, 655 (Tex. Crim. App. 1981)(two: force or threats) and *Watson v.*

29

*State*, 548 S.W.2d 676, 678-79 (Tex. Crim. App. 1977)(two: force or threats). Here, we are addressing nine potential factors which is substantially more complicated than the three in the cases addressed by the State. Finally, *Walters v. State* addressed fundamental error, which is inapplicable to this case, where Smith preserved the issue by a motion to quash. 777 S.W.2d 734 (Tex. App.—Beaumont 1989, pet. ref'd).

The State's inclusion of nine potential aggravating factors failed to put Smith on sufficient notice to prepare his defense. Accordingly, this court should conclude the indictment should have been quashed.

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) *citing* Tex. R. App. P. 44.2(b). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001);

*Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

More specifically Texas Code of Criminal Procedure 21.19 provides as follows for errors in form:

> An indictment shall not be held insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant.

Tex. Code Crim. Proc. Ann. art. 21.19 (West 2009). However, Texas Code of Criminal Procedure 21.19 is inapplicable to errors of substance. *Sanchez v. State*, 182 S.W.3d 34 (Tex. App.—San Antonio 2005), *aff'd*, 209 S.W.3d 117 (Tex. Crim. App. 2006). This court has concluded that errors of substance are subject to harmless error analysis under Texas Rule of Appellate Procedure 44.2. *Tollett v. State*, 219 S.W.3d 593 (Tex. App.—Texarkana 2007, pet. ref'd) (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). However, the Texas Court of Criminal Appeals has not yet addressed this issue. *See Smith v. State*, 309 S.W.3d 10 (Tex. Crim. App. 2010).

Here, the State alleged nine possible aggravating factors. The failure to delineate which of the nine potential aggravating factors on which the State intended to rely failed to put Smith on sufficient notice to prepare his defense. For this reason, Smith suffered harmful error from the State's failure to specify the aggravating factor on which it intended to rely.

**Issue 3:** Smith did not voluntarily absent himself from the punishment phase of the trial because guards, rather than medical necessity, prevented Smith from attending.

Smith was not present at trial to receive the guilt-innocence verdict, nor was he present to attend or testify during the punishment phase. The appellate record may establish that Smith initially voluntarily absented himself from the guilt-innocence phase of the trial due to a suicide attempt. However, the appellate record does not establish that Smith continued to voluntarily absent during the punishment phase of the trial. Rather, the appellate record establishes that the guards, rather than the medical necessity of treatment, prevented Smith from attending the punishment phase of the trial.

**Preservation of Error**

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). Here, Smith's trial attorney objected to the guilt innocence phase of the trial continuing and the punishment phase beginning without being physically present, arguing that Smith had not voluntarily absented himself from the trial. (R.R. vol. 19 pg. 4-7). Regardless, the trial court continued with the trial. (R.R. vol. 19 pg. 8). Therefore, this issue was

32

preserved for appellate review.

## Standard of Review

An appellate court should review the trial court's determination that a defendant is voluntarily absent for abuse of discretion. *Papakostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (en banc)). In most cases, appellate courts must determine from hindsight the validity of the trial court's voluntariness determination. *Hudson v. State*, 128 S.W.3d 367, 375 (Tex. App.—Texarkana 2004, no pet.).  In this review, courts are not limited only to the record before the trial court at the time of its ruling. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984).  As long as there is "some evidence" supporting the trial court's determination, we will not disturb the ruling absent evidence from the defendant showing that his absence was involuntary. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984).

## Law and Application

Smith was not present at trial to receive the guilt-innocence verdict, nor was he present to attend or testify during the punishment phase.  The appellate record may establish that Smith initially voluntarily absented himself from the guilt-innocence phase of the trial due to a suicide attempt.

However, the appellate record does not establish that Smith continued to voluntarily absent during the punishment phase of the trial. Rather, the appellate record establishes that the guards, rather than the medical necessity of treatment, prevented Smith from attending the punishment phase of the trial.

The State contends that after closing arguments in the guilt-innocence phase of the trial ended on August 18, but before the jury reached a verdict on August 19, Smith crawled into a "pipe chase" area in the jail to attempt to hang himself. (R.R. vol. 19 pg. 4-6). During the attempt, Smith broke a bone in his knee. (R.R. vol. 19 pg. 4-6). Smith was admitted to a hospital on the morning of August 19. (R.R. vol. 19 pg. 4-6).

The trial court concluded that Smith had voluntarily absented himself from the trial and proceeded to receive the verdict on August 19. (R.R. vol. 19 pg. 7). The court then immediately proceeded to the punishment phase of the trial with Smith still not present. (R.R. vol. 20 pg. 5).

A criminal defendant has a right under the state and federal constitutions to be present during all phases of the trial. *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc) (citing *Taylor v. United States*, 414 U.S. 17, 20 (1973) (per curiam)). Article 33.03 of the Texas Code of Criminal Procedure provides that when a case is to be tried to a jury, the defendant must be present, at least until the jury has been empaneled and

sworn. Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006). However, the defendant can forfeit his right to be present by voluntarily absenting himself after the jury is sworn. *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc); *see Ashley v. State*, 404 S.W.3d 672, 681 (Tex. App.—El Paso 2013, no pet.) (observing that "the right to be present until the selection of the jury cannot be waived," but that it does not violate the defendant's rights to proceed with the trial if the defendant voluntarily absents himself after the jury is selected).

For example, a defendant has been found to have voluntarily absented himself because of a medical emergency resulting when the defendant ingested large quantities of aspirin and arthritis medication. *Bottom v. State*, 860 S.W.2d 266, 267 (Tex. App.—Fort Worth 1993, no pet.). Additionally, a defendant has been found to have voluntarily absented himself when he attempted suicide by ingestion of prescription drugs. *Grizzard v. State*, No. 01-06-00930-CR (Tex. App.—Houston [1st Dist.] July 3, 2008, no pet)(mem. op). Finally, self-induced intoxication has been found to be voluntarily absenting. *Maines v. State*, 170 S.W.3d 149, 150 (Tex. App.—Eastland 2005, no pet.); *Heard v. State*, 887 S.W.2d 94, 98-99 (Tex. App.—Texarkana 1994, pet. ref'd)(self-induced intoxication).

Here, The appellate record establishes that, at least initially, Smith voluntarily absented himself from the trial on the morning of August 19. At approximately 9:45 a.m. on the morning of August 19, the court bailiff

testified that he had spoken to jail officials who notified him that on August 18 or 19, Smith crawled into a "pipe chase" area in the jail to attempt to hang himself. (R.R. vol. 19 pg. 4-6). During the attempt, Smith broke a bone in his knee. (R.R. vol. 19 pg. 4-6). Smith was admitted to a hospital on August 19. (R.R. vol. 19 pg. 4-6, vol. 20 pg. 99). The court proceeded in the case and received the jury's verdict immediately thereafter with Smith not present. (R.R. vol. 19 pg. 7-12). This testimony is some evidence that Smith voluntarily absented himself from the trial because Smith had to be taken to the hospital for treatment.

However, the trial court also proceeded on to the punishment phase of the trial, also without Smith being present. (R.R. vol. 20 pg. 5, 97-101). The defense contended that Smith had not voluntarily absented himself from the punishment phase of the trial. (R.R. vol. 20 pg. 98). Specifically Smith's trial attorney represented to the court the he spoke to Smith and contended that Smith was not free to leave the hospital because Smith was under guard. (R.R. vol. 20 pg. 98). Thus, at that point, the evidence was that the reason that Smith was absent form the trial was not because he had to receive medical treatment, but because the guards would not allow him to leave the hospital and go to the trial. Stated another way, the evidence was that the State would not allow Smith to refuse medical treatment.

The State will presumably direct the court's attention to the other absenting cases with similar grounds. *See e.g. Bottom v. State*, 860 S.W.2d

36

266, 267 (Tex. App.—Fort Worth 1993, no pet.); *Grizzard v. State*, 01-06-00930-CR (Tex. App.—Houston [1st Dist.] July 3, 2008, no pet.)(mem. op); *Maines v. State*, 170 S.W.3d 149, 150 (Tex. App.—Eastland 2005, no pet.); *Heard v. State*, 887 S.W.2d 94, 98-99 (Tex. App.—Texarkana 1994, pet. ref'd). The State will argue that like those cases, Smith's voluntary actions resulted in him not being present.

However, in this case we have a strong differentiating factor. In the other cases, the evidence and resulting implication was that the defendants could not be present because they had to receive medical treatment. Here, the evidence was the opposite: that although Smith was injured, he was willing and able to forego further treatment and attend trial but was prevented from attending trial not by the injury or treatment, but by the guards who kept him at the hospital.

Accordingly, there is evidence in the appellate record that Smith's attempted suicide resulted in his broken knee and being taken to the hospital. However, there is also evidence in the appellate record that Smith remained at the hospital against his will and wanted to forego further treatment in order to attend the trial. Regardless, Smith was not able to do so, not because of the broken knee, but because he was at the hospital against his will.

## Harmful Error

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Some courts have interpreted this to mean that a defendant must establish that presence at the missed portion of the trial bears a reasonably substantial relationship to the opportunity to defend the case. *See e.g. In re Commitment of Young*, 410 S.W.3d 542, 553 (Tex. App.—Beaumont 2013, no pet.)(citing *Jasper v. State*, 61 S.W.3d 413, 422-24 (Tex. Crim. App.2001) (defendant's absence when jurors' excuses heard was harmless); *Hodges v. State*, 116 S.W.3d 289, 296-97 (Tex. App.—Corpus Christi 2003, pet. ref'd) (defendant's absence during peremptory strikes harmless where defendant later waived jury); *Bath v. State*, 951 S.W.2d 11, 22-23 (Tex. App.—Corpus

Christi 1997, pet. ref'd) (defendant's absence when venire member qualified and juror exemptions heard was harmless); *Weber v. State*, 829 S.W.2d 394, 395-97 (Tex. App.—Beaumont 1992, no pet.) (defendant's absence when juror excuses heard was harmless); *Sumrell v. State*, 326 S.W.3d 621, 624-27 (Tex. App.—Dallas 2009), *pet. dism'd improvidently granted*, 320 S.W.3d 338 (Tex. Crim. App. 2010) (defendant's absence during individual questioning of jurors who expressed bias was harmful); *Bledsoe v. State*, 936 S.W.2d 350, 351 (Tex. App.—El Paso 1996, no writ) (defendant's absence during individual voir dire was harmful).

Here, the defense desired to call Smith to testify during the punishment phase of the trial. (R.R. vol. 20 pg. 126). However, because Smith was not present, he could not testify. (R.R. vol. 20 pg. 126). Accordingly, Smith's absence during the punishment phase of the trial certainly bore a substantial relationship to the opportunity to defend the case.

**Issue 4:** The court admitted a DNA testing report without allowing Smith the opportunity to cross examine the serologist who actually conducted the testing. Accordingly, Smith was denied his right to confrontation guaranteed by the Sixth Amendment.

The court admitted a DNA testing report which was testimonial in nature implicating Smith's Sixth Amendment right to confrontation. However, that right was violated when Smith was denied the opportunity to cross examine the serologist who actually conducted the testing.

**Preservation of Error**

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). Smith objected, and later renewed the same objection, to the DNA testing results being admitted on the testimony of a forensic scientist supervisor, as opposed to the serologist who conducted the actual DNA testing. (R.R. vol. 15 pg. 183, vol. 16 pg. 5). That objection was overruled both times. (R.R. vol. 15 pg. 184, vol. 16 pg. 6).

**Standard of Review**

An appellate court should review de novo the trial court's ruling admitting evidence over a confrontation objection. *See Wall v. State*, 184

S.W.3d 730, 742 (Tex. Crim. App. 2006).

**Law and Application**

The court admitted a DNA testing report which was testimonial in nature implicating Smith's Sixth Amendment right to confrontation. However, that right was violated when Smith was denied the opportunity to cross examine the serologist who actually conducted the testing.

The State admitted a DNA testing report linking Smith to sexual contact with Shelby Jones. (R.R. vol. 22 Ex. 15). In support of the DNA testing report, the State presented the testimony of Kristy Link, a DPS crime lab DNA section supervisor. (R.R. vol. 15 pg. 177-179). Link testified that the lab received known DNA samples from Shelby Jones and Smith and compared them against DNA samples obtained from Shelby Jones in her sexual assault examination. (R.R. vol. 15 pg. 181-187). Link testified that she was the supervisor, but was assisted by at least two other people. (R.R. vol. 15 pg. 182-4). More specifically, Link testified that she did not do the serology testing personally, she merely supervised an employee who did so. (R.R. vol. 15 pg. 187). Link then developed the DNA profiles which were passed on to an analyst. (R.R. vol. 15 pg. 186).

Smith complained that he was unable to cross examine the serologist who actually performed the test. (R.R. vol. 15 pg. 183, vol. 16 pg. 5). Therefore, the issue presented is whether Smith should be allowed to cross

examine the serologist who actually performed the serology testing, or was Smith's cross examination of the supervisor of the person who actually conducted the testing sufficient confrontation.

A defendant has a Sixth Amendment constitutional right to confront the witnesses against him for evidence which is testimonial in nature. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Hamilton v. State*, the San Antonio court of appeals concluded that DNA test reports were testimonial in nature and therefore implicated the defendant's Sixth Amendment confrontation right. *Hamilton v. State*, 300 S.W.3d 14, 21 (Tex. App.—San Antonio 2009, pet. ref'd)(citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009)). Likewise, the DNA testing results in this case are testimonial in nature and implicated Smith's Sixth Amendment confrontation rights.

The next issue to address is whether Smith's confrontation right was satisfied by the supervisor of the serology testing as opposed to the actual person who performed the serology testing. In *Hamilton v. State*, the San Antonio court of appeals concluded that a supervisor's testimony as to the findings of a non-testifying serologist and DNA analyst was error. 300 S.W.3d 14, 22 (Tex. App.—San Antonio 2009, pet. ref'd). Here then, as in *Hamilton*, the court erred in allowing Link to testify in lieu of the actual person who performed the serology testing.

## Harmful Error

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

In such an analysis, the court should consider (1) the importance of the evidence to the State's case; (2) whether the evidence was cumulative of other evidence; (3) the presence or absence of other evidence corroborating or contradicting the evidence on material points; and (4) the overall strength of the State's case. *Hamilton v. State*, 300 S.W.3d 14, 22 (Tex. App.—San Antonio 2009, pet. ref'd). Additionally, the court should consider any other factor in the record that may shed light on the probable impact of the trial court's error on the minds of average jurors. *Hamilton v. State*, 300 S.W.3d 14, 22 (Tex. App.—San Antonio 2009, pet. ref'd).

The DNA test report was the most important evidence in the case against Smith. Shelby Jones testified as to the sexual assault. (R.R. vol. 16 pg. 123-157). This allegation was denied by Smith. (R.R. vol. 17 pg. 239-240). Thus, the only objective direct evidence to support Shelby Jones' claims was the DNA test results. (R.R. vol. 22 ex. 10). As such, the erroneous inclusion of such evidence was extremely prejudicial to Smith.

## PRAYER

WHEREFORE, premises considered, Shawn Smith respectfully requests that this conviction be reversed and judgment rendered in his favor, that the conviction be reversed and a new trial granted, or for such other and further relief to which Appellant may be entitled.

Respectfully Submitted,

*Miller, James, Miller & Hornsby, L.L.P.*

By: _____
    Troy Hornsby
    Texas Bar Number 00790919

1725 Galleria Oaks Drive
Texarkana, Texas  75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant Shawn Smith

## CERTIFICATE OF SERVICE

This is to certify that on January 7, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail on all counsel of record and interested party listed below:

**Appellant**
Shawn Smith
TDC #01950344
Byrd Unit
21 FM 247
Huntsville, Texas 77320

**Trial Court Judge**
Honorable Bobby Lockhart
102nd District Judge
Bi-State Justice Building
100 North State Line Avenue
Texarkana, Texas 75501

**State's Attorney**
Kelley Gossett Crisp
Bowie County Dist. Atty's Office
601 Main Street
Texarkana, Texas 75501

**Defendant's Trial Attorney**
Will Williams
Bowie County
Public Defender's Office
424 W. Broad Street
Texarkana, Texas 75501

_____
Troy Hornsby

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 6,873 words (less than 15,000), based upon the word count of the WordPerfect program used to prepare the document.

Troy Hornsby